MENTAL HEALTH
Insofar as a patient confined under the control of the Department of Mental Health is non-indigent, the patient has a statutory duty to pay for all expenses incurred. 43A O.S. 111 [43A-111] (1971). In cases where the Department of Mental Health assumes legal responsibility for an indigent patient, the Department is liable for all expenses incurred. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Does the Oklahoma Department of Mental Health incur a legal liability for the payment of medical care costs associated with inpatient or outpatient care provided in a private or profit hospital to those individuals who have been committed or confined under the control of the Oklahoma Department of Mental Health ? "2. Does the Oklahoma Department of Mental Health incur a legal liability for payment of medical care costs associated with inpatient or outpatient care provided in a public not for profit hospital, a private not for profit hospital, or other health care delivery facility to those individuals who have been committed or confined under the control of the Oklahoma Department of Mental Health?" Your questions can be answered, in part, by a plain reading of 43A O.S. 111 [43A-111] (1971). 43A O.S. 111 [43A-111] states: "A patient or pupil at an institution within the department is liable for his care and treatment. This claim of the State for such care and treatment shall constitute a valid indebtedness against any such patient or public and his estate and shall not be barred by any statute of limitations. At the death of the patient or pupil this claim shall be allowed and paid as other lawful claims against the estate. Persons making application for admission of the pupil under Section 57 of this act are also liable for the pupil's care and treatment, provided that said persons are legally obligated to support said pupil. Provided, further that no admission or detention of the patient in a State hospital or a pupil in a school shall be limited or conditioned in any manner by the financial status or ability to pay of a patient or public, his estate, or any relative." It is apparent from a reading of 43A O.S. 111 [43A-111] that the patient is liable for the cost of his medical care while committed to the custody and control of the Oklahoma Department of Mental Health. This refers to either a private or public hospital regardless of whether such hospital is operated for profit or not. However, implicit in the provisions of 43A 111 is a non-indigent status of the patient, i.e., the statute assumes the patient's ability to pay for expenses incurred. Beyond that point, liability for such expenses lies with the party legally responsible for the patient. State ex rel. Central State Griffin Memorial Hospital v. Reed, 493 P.2d 816 (Okl. 1972). In most instances, that party will be the Department of Mental Health, particularly when the patient is indigent and is not in the care of an appointed guardian. In cases where the patient is nonindigent and yet refuses to pay after being confined under the control of the Department of Mental Health, the Department must assume responsibility for costs incurred, as it becomes secondarily liable for such costs. Within the scope of the questions presented herein, the Department of Mental Health would assume legal responsibility for those confined under its control. This opinion does not address the question of inmates from the several correctional institutions. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Insofar as a patient confined under the control of the Department of Mental Health is nonindigent, the patient has a statutory duty to pay for all expenses incurred. 43A O.S. 111 [43A-111] (1971). In cases where the Department of Mental Health assumes legal responsibility for an indigent patient, the Department is liable for all expenses incurred. (DAVID K. McCURDY)